UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK MARVIN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:21-cv-2971 (UNA) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner is a New York resident appearing *pro se*. He has filed a Petition for a Writ of Habeas Corpus and an application to proceed *in forma pauperis* ("IFP"). Petitioner challenges the criminal charges brought against Jacob Hiles in connection with purportedly "a mostly peaceful assembly by peaceful persons in Washington D.C. on January 6[,] 2021." Pet. at 1. For the following reasons, both the Petition and the IFP application will be denied, and this case will be dismissed.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547

(2016)). "The defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Petitioner does not allege that he has sustained (or is likely to sustain) an injury resulting from the challenged conduct, nor can he as a lay person prosecute the claims of another individual in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *accord Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

Further, a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in the instant petition suggests that Petitioner is incarcerated, on probation or parole, or otherwise restrained. Consequently, this case will be dismissed.[1]

                                                                             /s/
                                        COLLEEN KOLLAR-KOTELLY
Date: November 16, 2021                         United States District Judge

---

[1] A separate order accompanies this Memorandum Opinion.